586 A.2d 769

**MONTGOMERY COUNTY, Maryland**

v.

**Cathy M. VOORHEES (Fowler).**

**No. 720, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

March 4, 1991.

Joann Robertson, Sr. Asst. Co. Atty. (Clyde H. Sorrell, Co. Atty. and Nina M. Helwig, Asst. Co. Atty., on the brief), Rockville, for appellant.

Leonard I. Rosenberg, Riverdale, for appellee, Cathy Fowler.

Deirdre R. Horton (Bromley, Greene & Walsh on the brief), Rockville, for appellee, Gary Kittay.

Argued before BISHOP and GARRITY, JJ., and ROBERT I.H. HAMMERMAN Judge, (Specially Assigned).

BISHOP, Judge.

Cathy M. Voorhees (now Cathy Fowler) filed an action in negligence against Gary Kittay for personal injuries she sustained in an automobile collision at the intersection of Route 29 and Fairland Road in Montgomery County, Maryland on September 26, 1984. A Second Amended Complaint, filed on April 18, 1986, added Montgomery County (the County) as a defendant and alleged that the County failed to repair and maintain properly the traffic light governing the left turn signal at the intersection. The Second Amended Complaint also alleged that the County had actual notice that the light cycles at the intersection were operating defectively and that, as a direct and proximate consequence of the County's negligence, Voorhees suffered injuries.

A trial was held on January 8, 1990, and the jury returned a verdict in favor of Voorhees and Kittay and against the County in the amount of $100,000.00. At the close of Voorhees' case, and at the close of all the evidence, the County made Motions for Judgment, both of which were denied. The County also filed a Motion for Judgment Notwithstanding the Verdict or, Alternatively, for a New Trial which the court denied. Montgomery County appeals from the judgment of the circuit court.

## ISSUES

We have consolidated the three issues presented by appellant into the following two issues:

I. Whether appellee's claim is barred by the doctrine of governmental immunity; and,

II. Whether the trial court erred in denying appellant's Motion for Judgment Notwithstanding the Verdict.

## FACTS

On September 26, 1984, Voorhees was operating her vehicle in a southerly direction on Route 29 approaching Fairland Road in Montgomery County, Maryland. As Voo-

rhees made a left turn at that intersection, her vehicle collided with a vehicle being driven by Kittay, which was proceeding north on Route 29.

Voorhees testified that she had a green left turn arrow signal when she made her left turn onto Fairland Road. Kittay testified that he had been traveling northbound in the right lane of Route 29, and that he stopped at a red traffic light at the intersection of Route 29 and Fairland Road. Kittay did not recall seeing any vehicle turning left in front of him. He testified, however, that once the light turned green, he waited at least three seconds before he edged out, because there was a van or truck in the center lane of traffic which blocked his vision to his left. Kittay's witness, Francine Berk, who was a passenger in Kittay's vehicle, testified that the light had turned green before Kittay began to move his vehicle forward into the intersection. Kittay's testimony was corroborated by Thomas Blankenship, an eyewitness who was traveling northbound on Route 29 in the left lane. He testified that there was a truck or van in the center lane which may have blocked Kittay's vision. He also testified that he observed Voorhees make her left turn well after Kittay's light had turned green.

Bruce Mangum, traffic engineer for Montgomery County, testified that there had been no indication of malfunction of the lights at that intersection. He also testified as to the design, installation, timing, sequence and operation of traffic signals in Montgomery County. Ronald Wilke, Chief of the Division for Traffic and Engineering for the Montgomery County Department of Transportation, testified that it was his office's responsibility to establish and monitor the timing of traffic lights in Montgomery County. He testified that the Department decided not to change the traffic controls at this intersection to an all red clearance interval [1]

---

**1.** This is an interval when all traffic at the intersection is controlled by red traffic signals. No traffic moves at an intersection during an all red clearance interval.

because the Department's policy was not to install all red clearance intervals for left turn signals.

Maryland State Trooper Glenn Reuschling, who responded to the scene of the accident, testified that after the accident Voorhees was confused about the color of the light at the time she entered the intersection. Both Trooper Reuschling and Detective Sergeant Linda Payne of the Maryland State Police had previously investigated the signals at the intersection, as well as signals with the same sequence at other intersections along Route 29. They found that it was not possible for a vehicle to turn left and pass completely through the intersection within the three seconds allotted for the yellow cycle. This means that a vehicle making a left turn just as the left turn signal changes from green to yellow would have only three seconds to clear the northbound traffic lanes before the northbound traffic had a green signal light. As a result of her investigation, Sergeant Payne recommended to her superiors that the green signal be delayed in order to give vehicles making a left turn more time to clear the intersection.

## Discussion

### I.

Appellant argues that "the State of Maryland should confer governmental immunity on its counties and municipalities for the planning, designing and timing of traffic lights" because such acts are discretionary and governmental functions. The conferring of immunity is a function of the legislative branch of government, not the judicial branch. We will address the issue of whether governmental immunity should have been applied in the case *sub judice*.

In *Kawananakoa v. Polyblank*, 205 U.S. 349, 353, 27 S.Ct. 526, 527, 51 L.Ed. 834 (1907), the Supreme Court

stated the reason for sovereign immunity: [2]

> A sovereign is exempt from suit, not because of any formal conception or absolute theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends.

■ In *Godwin v. County Comm'rs of St. Mary's County*, 256 Md. 326, 334, 260 A.2d 295 (1970), the Court of Appeals stated that:

> As applied in Maryland, the doctrine of sovereign immunity is not only applicable to the State, itself, as a governmental agency, but is also applicable to its agencies and instrumentalities, including its municipal political sub-divisions, if engaged in a governmental function as an agent of the State, unless the General Assembly either directly or by necessary implication has waived immunity.

Accordingly, in tort actions, the counties in Maryland are immune with regard to those matters categorized as "governmental" but they are not immune from liability with regard to those matters categorized as "proprietary". *Maryland–National Capital Park and Planning Commission v. Kranz*, 308 Md. 618, 622, 521 A.2d 729 (1987).

■ While there is no all-inclusive, bright-line test to determine whether a matter is governmental or proprietary in nature, the Court of Appeals, in *Mayor and City of Council of Baltimore v. State ex. rel. Blueford*, 173 Md. 267, 276, 195 A. 571 (1937), stated that:

> Where the act in question is sanctioned by legislative authority, is solely for the public benefit, with no profit or emolument inuring to the municipality, and tends to benefit the public health and promote the welfare of the whole public, and has in it no element of private interest, it is governmental in its nature.

---

**2.** Although, in the case *sub judice,* we are dealing with "governmental immunity," which applies to a sub-division of the State as contrasted with "sovereign immunity" which applies to the State, generally the same principles of law apply.

Based on this test alone, it is logical to conclude that the planning, designing and timing of traffic lights is a governmental act, since a county, in performing these acts as the State's agent, appears to act for the public benefit and to promote the welfare of the whole public. In Maryland, however, "the liability of a county for its negligence arising out of its maintenance and control of the county roads is an *exception* to the general rule that counties share in the immunity of the sovereign." *Godwin*, 256 Md. at 335, 260 A.2d 295 (emphasis in original). *See also, Tadjer v. Montgomery County*, 300 Md. 539, 548, 479 A.2d 1321 (1984) ("The duty to maintain streets and highways in a reasonably safe condition is a major exception to the immunity from suit in Maryland of counties and municipalities."); *Cox v. Anne Arundel County*, 181 Md. 428, 431, 31 A.2d 179 (1943) (when maintaining public highways, a municipality is acting in its corporate capacity, and is liable for suit for its negligence).

In *City of Baltimore v. Seidel*, 44 Md.App. 465, 476, 409 A.2d 747, *cert. denied*, 287 Md. 750 (1980), we held that the placing of warning signs on public highways is a proprietary or corporate function and, consequently, the City was not immune from suit. Appellant argues that the rationale in *Seidel* was not explained and that the facts are not similar to the instant case. Appellant therefore, urges us not to apply the holding in *Seidel* to the facts in the case *sub judice.*

Although the holding in *Seidel* was succinctly stated and the rationale for the holding was not explained, Judge Thompson, writing for this Court, correctly applied the well-established law in this State. *See, e.g., Godwin*, 256 Md. at 335, 260 A.2d 295; *Cox*, 181 Md. at 431, 31 A.2d 179; *Tadjer*, 300 Md. at 548, 479 A.2d 1321; *Blueford*, 173 Md. at 272–73, 195 A. 571. We do not have the power to alter this exception to the general rule that counties share in the immunity of the sovereign. As the Court of Appeals stated in *Blueford*, 173 Md. at 273, 195 A. 571:

[T]he two principles, one that a municipal corporation is not liable in a civil action for any default or neglect in the performance of a purely governmental function, and the exception that it is liable for failure to keep the public highways under its management and control in a reasonably safe condition, are too firmly embedded in our law to be disturbed now.

## II.

Appellant provides a three-part argument to support its contention that the trial court erred when it denied its Motion for Judgment Notwithstanding the Verdict or, Alternatively, for a New Trial. First, appellant contends that even if the County is not immune, its planning, designing and timing of the traffic light was not the proximate cause of the accident and the injuries sustained by Voorhees. Appellant's second contention is that the verdicts were inconsistent and contrary to the weight of the evidence because there was no legal or evidentiary basis for finding the County liable while, at the same time, releasing Kittay from liability. Finally, appellant contends that the jury's verdict which awarded Voorhees damages for future medical expenses was not supported by the evidence. We will discuss each of these contentions *seriatim.*

Montgomery County is contesting the denial of its motion for judgment n.o.v. and for a new trial. A motion for judgment n.o.v. raises the question of the legal sufficiency of the evidence. In reviewing the denial of such a motion, all evidence and the reasonable inferences to be drawn therefrom are to be considered in the light most favorable to the party opposing the motion. *Impala Platinum v. Impala Sales,* 283 Md. 296, 327, 389 A.2d 887 (1978) (citations omitted). Where there is sufficient evidence in the record from which a jury could reasonably have reached its conclusion, we will not disturb the verdict. *I.O.A. Leasing Corp. v. Merle Thomas Corp.,* 260 Md. 243, 250, 272 A.2d 1 (1971). The granting or denial of a motion

for new trial is a matter within the sound discretion of the trial court. *Id.* at 249, 272 A.2d 1.

### A.

██ There was sufficient evidence in the record from which a jury could reasonably have concluded that Montgomery County was the sole proximate cause of the accident and the injuries sustained by Voorhees. At trial, Detective Sergeant Payne testified that, in January of 1984, she investigated the timing of the left turn lights at the intersection of Route 29 and Briggs–Chaney Road, which is one intersection north of Fairland Road. She found that the left turn signal remained yellow for only three seconds before it changed to red and, as a result, left-turn traffic could not pass completely through the intersection safely. Detective Payne also investigated the intersection of Route 29 and Fairland Road and the intersection of Route 29 and the road just south of Fairland. Detective Payne found that she could not make a left turn at any intersection in less than five seconds. During her investigation, Detective Payne also found that, between August 1983 and April 30, 1984, there were twelve accidents at the three intersections, each of which occurred because the turning vehicle was unable to traverse the road in the allotted time. As a result of her investigation, Detective Payne recommended to her superiors on April 30, 1984, that the green left-turn signal be delayed in order to give vehicles the opportunity to clear the intersection safely. The County was thereby put on notice of the existing problem.

Trooper Reuschling testified that he investigated the accident involving Voorhees and Kittay. He stated that he was aware that there were problems with the synchronization of lights at various intersections along Route 29, and that it was impossible, or nearly impossible, to get through the intersection within the time allotted for the yellow cycle. He also testified that "[t]here was no delay in the two red cycles." For example, in the case *sub judice*, if the red north bound cycle had been delayed, additional time would

have been provided for the left turning vehicle to clear the intersection safely.

■ It is well established in this State that the weight of the evidence is a matter for the jury to determine. *Rollins Outdoor Advertising, Inc. v. State Roads Comm'n*, 60 Md.App. 195, 203, 481 A.2d 1149 (1984) (quoting *Bergeman v. State Roads Comm'n*, 218 Md. 137, 146 A.2d 48 (1958)). In *Murphy v. Bd. of County Comm'rs*, 13 Md.App. 497, 503, 284 A.2d 261 (1971), we stated:

> The weight which any evidence should be given, as well as the credibility to be accorded to the testimony of any witness, is for the jury. *Aravanis v. Eisenberg*, 237 Md. 242, 262, 206 A.2d 148, *Kowalewski v. Carter*, 11 Md.App. 182, 192, 273 A.2d 212. Likewise, it is for the jury, and solely for it, guided by proper instructions of the court, to conclude whether any party has carried whatever burden he may have to prove any fact at issue.

In the case *sub judice*, the jury could have concluded from the evidence presented that the County was on notice of the danger inherent in the timing of the traffic signals at the intersection, that the County failed to take action to correct the timing, and that, as a result of the County's negligence, Voorhees suffered injuries. Since there was sufficient evidence presented from which the jury could reasonably have reached its conclusion, we hold that the trial court did not err in denying the County's motion for judgment n.o.v. We also find no indication that the trial court abused its discretion in denying the motion for new trial.

### B.

■ The County argues that the verdicts were inconsistent, based upon a contention that, since both Voorhees and Kittay testified that they had green lights and there was testimony that there was no malfunction of the lights, then one or the other of the two had to be negligent in entering the intersection. Moreover, since the jury found for Voo-

rhees, against the County, there was an inescapable inference that the jury found Kittay negligent, and that this finding was inconsistent with the finding for Kittay against Voorhees.

We are not persuaded by the County's argument that the verdicts were inconsistent and contrary to the weight of the evidence. Based on the court's instruction, the jury found that the County's failure to correct the faulty timing at the intersection was the sole proximate cause of the accident, and it concluded that neither Kittay nor Voorhees was negligent in entering the intersection.

■ The evidence presented clearly supports the conclusion that Voorhees entered the intersection on either a green or a yellow left turn signal and that she did not have time to clear the intersection before the signal for the opposing traffic turned green. The evidence also supports the conclusion that Kittay entered the intersection on a green light using due care and caution by waiting approximately three seconds after the north bound light turned green, to move forward. The testimony of Detective Payne and Trooper Reuschling also supports the conclusion that, had an all red clearance interval been added to the signal, Voorhees would have had additional time to clear the intersection and Kittay would have had to wait and would have thereby had time to see Voorhees' vehicle and avoid the accident. The verdicts are clearly consistent and supported by the weight of the evidence and, therefore, we affirm the trial court's denial of the County's motion for a new trial.

## C.

Finally, Montgomery County argues that there was no testimony with regard to the certainty or costs of future medical treatment for Voorhees and that the jury's verdict against the County in the amount of $17,000.00 for future medical expenses was not supported by the evidence and should be reversed.

It is a little late for the County to raise this issue. The court instructed the jury that it "should consider any medical and other expenses reasonably and necessarily incurred in the past, and which, with reasonable probability, may be expected in the future." In addition, the verdict sheet contained a line for "future medical expenses." No objection was made to either the instruction or the verdict sheet and, therefore, this issue has not been preserved for our review. Md.Rule 8–131(a); Md.Rule 2–520(e).

In addition, appellant made no motion for judgment pursuant to Md.Rule 2–519 with reference to the future damage issue and, as a result, has not preserved the issue for our review. *See generally Ford v. Tittsworth,* 77 Md.App. 770, 551 A.2d 945 (1989).

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT, MONTGOMERY COUNTY.