Loyd P. **BOWMAN**, Administrator of the Estate of Steven Wayne Bowman; Loyd P. Bowman, Administrator of the Estate of Michael Lloyd Bowman; Loyd P. Bowman, **Plaintiff-Appellant**,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 86–3597.

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1987.

Decided June 30, 1987.

Rehearing Denied July 22, 1987.

William L. Sitton, Jr. (Underwood, Kinsey & Warren, P.A. on brief) for plaintiff-appellant.

Clifford Carson Marshall, Jr., Asst. U.S. Atty. (Charles R. Brewer, U.S. Atty., on brief) for defendant-appellee.

Before WIDENER, and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

Plaintiff Loyd Bowman was injured and his sons Steven and Michael were killed when their car slid off the Blue Ridge Parkway and tumbled down an embankment. Bowman brought this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* 1984, alleging that the United States was negligent in failing either to place a guard rail along the embankment, erect signs warning travelers of the dangerous embankment, or close the Parkway during inclement weather. Finding that this alleged negligence fell within the discretionary function exception to the FTCA created by 28 U.S.C. § 2680(a) the district court dismissed this action. We affirm.

I

The Blue Ridge Parkway is a 496 mile-long roadway which connects the Shenandoah National Park in Virginia with the Great Smokey Mountains National Park in North Carolina. The Parkway was designed, and constructed by, and remains within the exclusive jurisdiction and control of, the United States. Supervisory authority over the Parkway has been delegated by the Secretary of the Interior to the Blue Ridge Parkway Division of the National Park Service.

The Blue Ridge Parkway is an unusual highway in that its primary purpose is not to facilitate transportation and travel. The Parkway was designed to allow the public access to scenic recreational and wilderness areas. Leisure driving and sight-seeing along the Parkway are its intended use. At the time of the accident, Loyd Bowman and his decedents, Michael Lloyd Bowman and Steven Wayne Bowman were traveling north on the Blue Ridge Parkway during a winter storm of freezing rain and sleet.

The accident occurred at Milepost 319.6, in McDowell County, North Carolina. This stretch of the Blue Ridge Parkway is a straight, 8 percent downgrade. In order to create a vista of the opposing ridge, the trees and shrubs have been cleared leaving an unobstructed vertical drop of over ninety feet along the east shoulder of the Parkway. The only protection or barrier between the road surface and the embankment is a narrow, grassy shoulder some 18 inches wide.

The Bowmans were traveling north on the Parkway at a speed of ten to fifteen miles per hour when their vehicle struck a patch of ice and slid sideways off the edge of the road, and down the embankment. Steven and Michael Bowman were thrown from the vehicle and killed. Loyd Bowman sustained serious injuries.

Loyd Bowman brought this action in the United States District Court for the Western District of North Carolina under the Federal Tort Claims Act (FTCA). The defendant moved, pursuant to Fed.R.Civ.P. 12(b)(6), for dismissal on the grounds that the alleged negligence fell within the discretionary function exception to the FTCA, which motion the district court granted. Although the district court held that the discretionary function exception would obtain, it also stated that, even if the negligence complained of did not fall within this exception, the plaintiff could not recover under North Carolina law because North Carolina has rejected the "enhanced injury" doctrine. This appeal followed.

## II

The FTCA provides a limited waiver of federal sovereign immunity for claims grounded in tort. *U.S. v. Yellow Cab Company*, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951). Perhaps the most significant limitation to this waiver is the discretionary function exception, which is codified at 28 U.S.C. § 2680(a) and provides that sovereign immunity is not waived where:

> any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused. 28 U.S.C. § 2680(a).

The Supreme Court defined the parameters to this exception in *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). In *Dalehite*, a ship loaded with fertilizer exploded in the harbor of Texas City, Texas, destroying much of the city and killing many people. The fertilizer was produced according to the specifications of the United States at facilities owned by the Government and operated by private contractors. The United States retained the right to supervise, direct, control and approve the work done by these private contractors. The fertilizer in question had been loaded for export as part of a post-war federal aid program. The plaintiff alleged that the Government used a known explosive in the fertilizer fully aware that the resulting product might explode.

The Supreme Court held that the actions of all the government employees involved in the program were protected by the discretionary function exception. In words now familiar, the court wrote:

> the "discretionary function or duty" that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. 346 U.S. at 35–36, 73 S.Ct. at 967–968.

The Supreme Court held that the initiation of the fertilizer program, the failure of the Army to conduct further experimentation into the combustibility of the fertilizer or the possibility of its explosion in transit, the Government's choice of specifications, bagging temperature, type of bagging, use of bag warning labels and the failure of the Coast Guard and other agencies to police the storage and loading of

fertilizer all constituted discretionary acts within the meaning of 28 U.S.C. § 2680(a). The Supreme Court recently reaffirmed this construction of the discretionary function exception in *United States v. Empresa dey Viacao Aerea Rio Grandense (Variq Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

National Park Service officials have more than safety in mind in determining the design and use of man-made objects such as guardrails and signs along the Parkway. These decisions require balancing many factors: safety, aesthetics, environmental impact and available financial resources. In making each decision these factors must be weighed carefully in accordance with the policies of the National Park Service. The stretch of highway in question was straight, the cleared vista and steep slope were open and obvious. The evidence indicates that some thirty years ago the Government considered installing a guardrail at Milepost 319.6 but elected not to do so. Whether that decision grew out of a lack of financial resources, a desire to preserve the natural beauty of the vista, a judgment that the hazard was insufficient to warrant a guardrail, or a combination of all three is not known. What is obvious is that the decision was the result of a policy judgment. One can argue that another policy, which places greater emphasis upon safety, is more desirable. However, by the discretionary function exception, Congress intended to prevent courts from second-guessing federal policy. It is precisely this type of decision which Congress intended to shield from liability because "where there is room for policy judgment and decision, there is discretion." *Dalehite* 346 U.S. at 36, 73 S.Ct. at 968.

Because the district court correctly held that the alleged negligence complained of fell within the discretionary function exception, it is not necessary for us to consider whether North Carolina's rejection of the enhanced injury doctrine would bar this suit. The decision below is

AFFIRMED.