David M. ALDERMAN By his father Kenneth N. ALDERMAN and Kenneth N. Alderman, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 92–0911–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

June 28, 1993.

Charles Richard Cranwell and Tyler Moses Moore, Cranwell & Moore, Roanoke, VA, for plaintiffs.

Earl Montgomery Tucker, U.S. Attorney's Office, Roanoke, VA, for defendant.

### MEMORANDUM OPINION

TURK, Chief Judge.

This Federal Tort Claims action is before the court on the defendant's motion to dismiss. Upon careful consideration of the record, applicable law, and the arguments presented by counsel at the May 17, 1993 hearing, the court finds that the defendant's motion must be granted.

### I. BACKGROUND

This action arises out of an accident involving an automobile and a pedestrian which occurred on or about September 20, 1991 on the Blue Ridge Parkway ("Parkway") in Roanoke County, Virginia. The infant plaintiff, David Alderman, a participant in the William Byrd Middle School cross-country track program, was running along the shoulder of the Parkway when he was struck by an automobile traveling in a northerly direction.

The parties agree that, at all times relevant to this action, the United States owned the Blue Ridge Parkway, and the National Park Service of the Department of the Interior exercised possession and control over the Parkway. They further agree that the National Park Service had authority to designate Parkway speed limits, to control uses of Parkway areas, and to provide, install and maintain warning signs along the Parkway to warn of certain conditions pursuant to the National Park Service Control Sign System Guideline and the National Park Service Sign Manual. It is undisputed that the National Park Service had posted warning signs along the parkway to warn of certain conditions, but had not posted any signs specifically warning of pedestrian use of the Parkway.

David Alderman's father, Kenneth Alderman, brought this negligence action against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., on his own behalf and in his capacity as father and next friend of his son. The plaintiff [1] alleges that the defendant negligently failed to post warning signs along the Blue Ridge Parkway warning of pedestrian usage and that the defendant's failure to do so resulted in his son's injuries. Plaintiff seeks compensation for David's injuries and reimbursement for the medical and associated expenditures for past and future care expended by him on behalf of David.

The United States, moves the court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. Specifically, the United States asserts that the court lacks subject matter jurisdiction due to the discretionary function exception to the FTCA set forth in 28 U.S.C. § 2680(a). The United States further alleges that the plaintiff fails to state a claim upon which relief may be granted because there is no analogous state liability based upon the alleged conduct as is required by 28 U.S.C. §§ 1346(b), 2674.

### II. ANALYSIS

Jurisdiction of the court is based upon the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. The court finds that the decision whether to post a sign warning of pedestrians on Parkway was within the discretionary function exception and, thus, the defendant's motion to dismiss must be granted for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because defendant's alleged conduct falls within the discretionary function exception, it is not necessary

---

1. The court will hereinafter refer to Kenneth Alderman as "plaintiff" even though David Alderman is an infant plaintiff to the suit.

for the court to consider defendant's Rule 12(b)(6) motion.

## A. *DISCRETIONARY FUNCTION ANALYSIS*

■ Through the FTCA, the United States waives sovereign immunity as to certain tort claims.[2] Exceptions to the United States' waiver of sovereign immunity under the FTCA exist, however, and one such exception is the discretionary function exception. The relevant statutory text provides that the FTCA shall not apply to any claim:

based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved is abused.

28 U.S.C. § 2680(a). If the discretionary function exception is found to apply, the appropriate procedure is dismissal for lack of subject matter jurisdiction. *See United States v. Orleans*, 425 U.S. 807, 813–814, 96 S.Ct. 1971, 1975–1976, 48 L.Ed.2d 390 (1976); *Piechowicz v. United States*, 885 F.2d 1207, 1209 n. 1 (4th Cir.1989).

■ The discretionary function exception only pertains to acts that "involv[e] an element of judgment or choice." *U.S. v. Gaubert*, 499 U.S. 315, ——, 111 S.Ct. 1267, 1273 (1991) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)). However, if a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," the element of choice or judgment is not satisfied because "the employee has no rightful option but to adhere to the directive." *Id.* (quoting *Berkovitz*, 486 U.S. at 536, 108 S.Ct. at 1958–59). However, even if conduct involves an element of judgment or choice and is thus discretionary, the judgment involved must be "of the kind that the discretionary function exception was designed to shield." *Id.* (quoting *Berkovitz*,

486 U.S. at 536, 108 S.Ct. at 1959). The Supreme Court has stated that the exception "protects only governmental actions and decisions based on considerations of public policy." *Id.* 499 U.S. at ——, 111 S.Ct. at 1274 (quoting *Berkovitz*, 486 U.S. at 537, 108 S.Ct. at 1959). The relevant inquiry, however, "is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are *susceptible* to policy analysis." *Id.* 499 U.S. at ——, 111 S.Ct. at 1275 (emphasis added). "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, *it must be presumed* that the agent's acts are grounded in policy when exercising that discretion." *Id.,* 499 U.S. at ——, 111 S.Ct. at 1274 (emphasis added).

In *Baum v. United States*, 986 F.2d 716 (4th Cir.1993), the plaintiffs alleged that the National Park Service was negligent in the design, construction, and maintenance of the guardrail system on the Baltimore/Washington Parkway. In affirming the district court's dismissal of plaintiffs' claim pursuant to the discretionary function exception, the court stated:

Under ... the teaching of *Gaubert*, we will not assume that government agents, in undertaking actions of the type normally thought to involve policy choices, in a particular case acted arbitrarily or on whim, disregarding those essential policy questions. *Thus, our inquiry here must focus on the inherent, objective nature of the challenged decision; we find largely irrelevant the presence or absence of evidence that involved government agents which did or did not engage in a deliberative process before exercising their judgment.*

*Id.* at 721 (emphasis added).

In *Bowman v. United States*, 820 F.2d 1393 (4th Cir.1987), the Fourth Circuit held

---

**2.** The relevant portion of the FTCA reads:

The district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Govern-

ment while acting within the scope of his office or employment, under circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

that the decision of where to place guardrails and signs along the Blue Ridge Parkway was a policy judgment, thus bringing the Government's alleged negligence in not posting a sign at a particular section of the Blue Ridge Parkway within the discretionary function exception. In determining that the posting of signs involves policy judgment made by the National Park Service, the court stated:

> National Park Service officials have more than safety in mind in determining the design and use of man-made objects such as guardrails and signs along the Parkway. These decisions require balancing many factors: safety, aesthetics, environmental impact and available financial resources.

*Id.* at 1395. The court further stated that "it is precisely this type of decision which Congress intended to shield from liability." *Id.*

### B. *PLAINTIFF'S ARGUMENTS*

In the instant case, the defendant asserts that it cannot be held liable for the lack of a sign or signs warning of pedestrian usage of the Parkway because the decision of whether to post signs was within the discretion granted the National Park Service by the National Park Service Sign Manual. Plaintiff makes two arguments in response. First, he asserts that there is no evidence that the lack of warning signs was the result of the exercise of discretion by National Park Service; he asserts that the United States has presented no evidence which shows that the National Park Service weighed policy concerns and opted not to post signs. Second, he alleges that the defendant's challenged conduct is just as likely to have resulted from the National Park Service departing from its safety considerations than exercising its discretion in making a policy decision not to post signs. Thus, he asserts that the instant case is akin to those in which courts have held that the National Park Service is not shielded from liability where the challenged conduct "involves safety considerations under an established policy, rather than the balancing of competing policy considerations." *Summers v. United States,* 905 F.2d 1212, 1215 (9th Cir.1990) (quoting *ARA Leisure Services v. United States,* 831 F.2d 193, 195 (9th Cir.1987)). The court is unpersuaded by plaintiff's arguments for the following reasons.

### 1. *ALLEGED LACK OF EXERCISE OF DISCRETION*

As to the argument that there is no evidence that the National Park Service exercised its discretion in this case, it is not necessary for the court to conclude that the National Park Service actually considered whether to post a sign warning of pedestrian users in order to find that the discretionary function exception applies. The plain language of the statute reveals that the discretionary function applies to any claim based on the *"failure* to exercise or perform a discretionary function or duty" as well as any claim based on the exercise or performance of a discretionary function or duty. 28 U.S.C. § 2680(a). Moreover, as the Fourth Circuit stated in *Baum,* the presence or absence of evidence that the government agents engaged in a deliberative process before exercising their judgment is "largely irrelevant." *Baum,* 986 F.2d at 721. Rather, the focus of the inquiry is on the "inherent, objective nature of the challenged decision." *Id.* Where a government agent is permitted to exercise discretion, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert,* 499 U.S. at ——, 111 S.Ct. at 1274.

Because the posting of signs along the Parkway by the National Park Service is conduct that is discretionary in nature, the defendant is protected from liability under the discretionary function exception of the FTCA, even though no evidence has been presented that the National Park Service deliberated as to whether to post signs warning of pedestrian usage.

### 2. *ALLEGED FAILURE TO COMPLY WITH SAFETY POLICY*

As to plaintiff's argument that the National Park Service departed from its safety regulations in not posting signs regarding pedestrian usage, the court is also unpersuaded. Plaintiff asserts in support of his position that 36 C.F.R. Part 4 (1992) charges the National Park Service with maintaining traffic safety on the Blue Ridge Parkway, thus

the duty to post signs for safety purposes is ministerial, rather than discretionary. As the United States points out in its reply brief, however, 36 C.F.R. Part 4 (1992) does not include any requirement regarding the posting of signs. Rather, 36 C.R.R. Part 4 (1992), entitled "Vehicles and Traffic Safety," applies to "all persons entering, using, visiting, or otherwise within" areas which are subject the jurisdiction of the National Park Service. Thus, the plaintiff has not brought before the court any evidence of an established safety policy which would bring this case within the ambit of the safety policy cases such as *Summers v. United States* cited previously.

### III. *CONCLUSION*

Based on the above analysis, the court concludes that the lack of signs warning of pedestrian usage of the Blue Ridge Parkway falls within the discretionary function exception of the FTCA. Thus, defendant's motion to dismiss must be granted for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.