**Elick J. PIFER, II, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2:94cv3.**

United States District Court,
N.D. West Virginia,
Elkins Division.

Nov. 7, 1995.

Dominic D. Salvatori, Pittsburgh, Pa., Thomas M. McCulloch, Wheeling, WV, for plaintiff.

Helen Campbell Altmeyer, Wheeling, WV, for defendant.

## MEMORANDUM OPINION

MAXWELL, District Judge.

The above-styled civil action was initiated against the United States on January 11, 1994, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (FTCA). This matter is presently before the Court upon the defendant's Motion to Dismiss for lack of subject matter jurisdiction, which is properly brought under Rule 12(b)(1), Federal Rules of Civil Procedure.[1]

Having carefully considered the memoranda of law which have been submitted to the Court and having studied the applicable law as interpreted by the United States Court of Appeals for the Fourth Circuit, the Court finds that the discretionary function exception to the FTCA, which is codified at 28 U.S.C. § 2680(a), deprives the Court of subject matter jurisdiction over this action.[2]

 In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court may consider evidence beyond the scope of the pleadings to resolve factual disputes and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Plaintiff, having brought this action pursuant to the FTCA, bears the burden of persuasion because a party who sues the United States bears the burden of identifying an unequivocal waiver of sovereign immunity. *Williams*, 50 F.3d at 304.

On or about July 21, 1991, the plaintiff and several friends visited the Monongahela National Forest and camped at the Stuart Park Recreational area which is within the Monongahela National Forest. At approximately 1:00 AM, the group left the campsite to visit Bickle's Knob, a popular scenic overlook. The group traveled by automobile via U.S. Forest Service Route 91. Upon encountering two deer, the driver of the vehicle swerved and veered off the road, over a 45–foot embankment, and crashed onto the rocks below. It is alleged that the plaintiff, a passenger in the vehicle, suffered permanent injuries.

 In his Complaint, plaintiff alleges that the United States was negligent in the design, construction, and maintenance of Route 91 and was also negligent in failing to warn of various dangers on the road.

The United States moves the Court to dismiss this action, urging that decisions with regard to the design and maintenance of Route 91, including the posting of signs or erection of a guardrail, are within the discretionary function exception to the FTCA. In making this argument, the United States relies upon the statutory language of the FTCA and upon two cases decided by the United States Court of Appeals for the Fourth Circuit which involve facts somewhat similar to those presently before the Court.

In looking to the applicable statutory language, the FTCA, subject to various exceptions, waives sovereign immunity from suits for negligent or wrongful acts of Government employees. One of those exceptions, commonly referred to as the "discretionary function" exception, provides that the United States is not liable for:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The parties, having found no statute or regulation requiring action by the United States in this situation, agree that it is the second clause which is applicable to the facts and circumstances before the Court.[3]

---

1. *Williams v. United States,* 50 F.3d 299, 304 (4th Cir.1995).

2. Having reached this conclusion, it is unnecessary for the Court to address the United States' alternative request for relief, that is, whether it is immune from liability under West Virginia's Re-

creational Use Statute, *West Virginia Code* § 19–25–1, *et seq.*

3. As required by *United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), the Court must first determine whether any federal statute, regulation, or policy specifically prescribes a course of conduct for an em-

The basic inquiry before the Court, therefore, is whether the challenged discretionary acts or failure to act are "of the kind that the discretionary function exception was designed to shield," *Gaubert*, 499 U.S. at 322–23, 111 S.Ct. at 1273, *quoting Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 1959, 100 L.Ed.2d 531 (1988), that is, "whether the choice or judgment involved is one 'based on considerations of public policy.'" *Baum v. United States*, 986 F.2d 716, 720 (4th Cir.1993), *quoting, Berkovitz*, 486 U.S. at 537, 108 S.Ct. at 1959.

In making this analysis, two Fourth Circuit cases are particularly important. In *Bowman v. United States*, 820 F.2d 1393 (4th Cir.1987), the plaintiff's decedents were killed when their car slid off the Blue Ridge Parkway and tumbled down an embankment. Bowman brought an action under the FTCA alleging that the United States was negligent in failing to place a guardrail along the embankment and failing to erect signs warning of the dangerous embankment. Although the Fourth Circuit did not provide an exhaustive discussion of the failure to erect warning signs, the Court of Appeals did find that the failure to install a guardrail was the result of a policy judgment and that such a judgment fell within the discretionary function exception.

In *Baum v. United States*, 986 F.2d 716 (4th Cir.1993), the plaintiffs were occupants of a vehicle that penetrated the guardrail on a National Park Service bridge and plummeted twenty-two feet to a parkway below the bridge. In his complaint, Baum charged that the National Park Service was negligent in designing, constructing, and maintaining the guardrail system in place at the time of the accident, particularly, Baum alleged that the National Park Service was negligent in using cast iron, rather than cast steel, in constructing the posts holding the steel bridge rail and in failing to replace the cast iron guardrail posts to meet current engineering requirements.

After determining that no mandatory statute, regulation, or policy governed the Park Service's design, construction, and maintenance of the guardrail system, the Fourth Circuit held that the choice of materials to be used in the parkway's guardrail and the decision of how and when to replace a guardrail are discretionary choices involving planning level decisions which are bound up in economic and political policy considerations. *Baum*, 986 F.2d at 722–24. The Court of Appeals concluded that the cause of action fell squarely within the discretionary function exception of the FTCA.

The plaintiff attempts to distinguish *Bowman* and *Baum* from the instant case, arguing that *Baum* dealt with a guardrail which was already in place at the scene and that, although the *Bowman* decision involved a failure to erect a guardrail, it said little about the placement of warning signs. Moreover, plaintiff urges that the Fourth Circuit in *Bowman* emphasized that the National Park Service's decision to forego a guardrail on the Blue Ridge Parkway represented a definite and discretionary decision which could not be disturbed. According to plaintiff, there is significant distinction in the instant case in that there is no evidence that an affirmative and discretionary choice to forego a guardrail was made.

While it is recognized that *Bowman* and *Baum* represent slightly different fact patterns, plaintiff's arguments, nevertheless, overlook the objective analysis established by the United States Supreme Court in *Gaubert* and also fail to recognize the Fourth Circuit's rejection in *Baum* of a fact-based inquiry into the circumstances surrounding a government actor's exercise of a particular discretionary function. In *Baum*, the Fourth Cir-

---

ployee to follow. In the instant case, the parties have agreed that no such statute, regulation, or policy specifically prescribed a course of conduct for maintaining the road in question. Although the plaintiff wishes to bifurcate the defendant's motion and keep the issue open with regard to design and construction, no statute, regulation, or policy which specifically prescribed a course of conduct for the design and construction of the road in question has been located despite months of discovery. While it is unlikely that further evidence will be discovered which would require analysis under the first prong of § 2680(a), in the event such evidence is discovered, it would appear that the matter would be more appropriately addressed under Rule 60(b), Federal Rules of Civil Procedure.

cuit expressly stated that "a reviewing court in the usual case is to look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." *Baum*, 986 F.2d at 720–21. Even more instructive, given the crux of plaintiff's argument, is the Court of Appeals's statement that "we find largely irrelevant the presence or absence of evidence that involved government agents which did or did not engage in a deliberative process before exercising their judgment." *Baum*, 986 F.2d at 721.

 This express language in *Baum*, as well as the statutory language of the FTCA, rejects a parallel argument made by the plaintiff, that is, that the defendant has not shown any exercise of discretion in this case and that, thus, the discretionary function exception does not apply. As recognized by the plaintiff, the failure to exercise discretion falls within the discretionary function exception. 28 U.S.C. § 2680(a). Moreover, as the Fourth Circuit expressed in *Baum*, the absence of a deliberative process is not relevant to an inquiry under the discretionary function exception. *See also, Alderman v. United States*, 825 F.Supp. 742, 745 (W.D.Va. 1993).

Plaintiff's most compelling argument relies upon authority from outside the Fourth Circuit which discusses the United States' failure to warn of an inherent danger when that danger was created by the United States.[4] In studying these cases, the Court immediately recognizes that all of the cited decisions pre-date the Supreme Court's 1991 decision in *Gaubert*. Additionally, the Court is unaware of any authority from the Fourth Circuit which would tend to suggest that it would adopt the reasoning which underlies the *Seyler* decision or that it would find the *Summers* or *Boyd* decisions to be persuasive given the facts of the matter now under consideration. In fact, the decisions in *Baum* and *Bowman* suggest otherwise.

One recent case not mentioned by either of the parties, *Cope v. Scott*, 45 F.3d 445 (D.C.Cir.1995), finds, under the particular facts of that case, that the discretionary function exception does not protect the government's decisions with respect to how and where to post signs warning of dangerous road conditions. However, the D.C. Circuit placed great emphasis on the fact that the road in question carried 20,000 vehicles daily and that the Park Service chose "to manage the road in a manner more amenable to commuting through nature than communing with it." *Cope*, 45 F.3d at 452.

Contrary to the facts of the instant case, *Cope* involves a situation where the Park Service took steps to warn users of inherent dangers but failed to ensure that those steps were effective. Moreover, the D.C. Circuit expressly recognized that, in certain circumstances, "decisions will be exempt under the FTCA because they involve difficult policy judgments balancing the preservation of the environment against the blight of excess signs." *Cope*, 45 F.3d at 452. In fact, the D.C. Court of Appeals acknowledged that the facts behind the Fourth Circuit's *Bowman* decision, which are remarkably similar to those of the present case, presented such circumstances in that *Bowman* involved a choice which implicated policy judgments to protect the experience of the park visitor. *Id.*

In determining whether the Court has subject matter jurisdiction to hear plaintiff's claim that the United States was negligent in failing to erect a guardrail and/or warning signs on U.S. Forest Service Route 91, it is clear that the Court cannot focus on whether officials of the U.S. Forest Service actually deliberated the issue. Rather, the Court must concentrate its inquiry on whether the nature of the decision implicates policy analysis.

Unquestionably, decisions to erect signs and a guardrail on a wilderness road leading from a campsite to a scenic vista in a National Forest require the balancing of factors

---

4. *Summers v. United States*, 905 F.2d 1212 (9th Cir.1990); *Seyler v. United States*, 832 F.2d 120 (9th Cir.1987); *Boyd v. U.S. ex rel. U.S. Army, Corps of Engineers*, 881 F.2d 895 (10th Cir.1989);

(all of which suggest that liability may be imposed where the government fails to recognize and act upon a danger).

such as environmental preservation, erosion of natural beauty, safety, and economic considerations. Such decisions have encouraged much political debate in our country. As recognized by the plaintiff, Route 91 is not used for commuter purposes; it is used primarily by nature enthusiasts in traveling from campsites in a National Forest to Bickle's Knob, a popular scenic overlook.

Under the facts of this case, the Court must conclude that the nature of the decision being challenged is grounded in social, economic, and political policy. Accordingly, the discretionary function exception to the FTCA applies; the United States has not waived its sovereign immunity; and the case must be dismissed for want of jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure.