Andrew C. WELLS, Appellant/Cross–Appellee,

v.

STATE of Alaska and Chugach Electric Association, Inc., Appellees/Cross–Appellants.

Nos. S–9538, S–9567, S–9568.

Marcus R. Clapp, John J. Tiemessen, Clapp, Peterson & Stowers, Fairbanks, for Appellant/Cross–Appellee.

Venable Vermont, Jr., Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellee/Cross–Appellant State of Alaska.

Timothy M. Lynch, Lynch & Blum, PC, Anchorage, for Appellee/Cross–Appellant Chugach Electric Association, Inc.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, BRYNER, and
CARPENETI, Justices.

### OPINION

MATTHEWS, Justice.

Andrew Wells was driving downhill through a curve on DeArmoun Road in Anchorage when his truck left the roadway and rolled. Wells, who had not been wearing a seatbelt, was ejected from the truck and was later found next to some boulders that had been placed in the right-of-way by Chugach Electric Association, Inc. (Chugach). Wells's injuries left him a paraplegic.

Wells sued the State of Alaska for negligently designing and maintaining DeArmoun Road. He also sued Chugach for negligently placing the boulders. Among Wells's complaints against the State was his claim that

the State should have installed a guardrail at the curve in DeArmoun Road. The State moved for partial summary judgment on the guardrail and the negligent design claims and moved for a directed verdict that Wells's failure to wear his seatbelt constituted negligence per se. Wells opposed the State's motions and cross-moved for summary judgment on his claim that the State negligently failed to remove the boulders from the "clear zone" alongside DeArmoun Road.

The trial court granted partial summary judgment to the State on both the guardrail and the negligent design issues and denied Wells's cross-motion for summary judgment, holding that the State was immune as to clear zone requirements. The trial court also denied the State's motion for a directed verdict on the seatbelt issue. The parties thus proceeded to trial on Wells's general negligence claim against the State and Chugach.

At trial, the court made several witness-related rulings. The court permitted the State and Chugach to add an expert witness to their witness list and to call that witness at trial to rebut surprise testimony of one of Wells's experts. The trial court also permitted Dr. Arthur Geuss to testify as a lay witness about his years of experience driving DeArmoun Road, but excluded a portion of Senior Captain Baird McKibben's lay witness testimony offering a reconstruction of how Wells's accident had occurred. The jury ultimately concluded that although both the State and Chugach had been negligent, their negligence was not a legal cause of Wells's injuries.

Wells appeals, arguing that the trial court erred in granting the State summary judgment on the guardrail and negligent design issues, in failing to find the State negligent as a matter of law for not removing the boulders from the clear zone, and in permitting the State to amend its expert witness list. The State and Chugach cross-appeal, arguing that the trial court erred in not finding Wells negligent as a matter of law for not wearing his seatbelt, and in permitting Dr. Geuss's testimony while excluding the portion of Captain McKibben's. We affirm the judgment.

**A. The Trial Court's Grant of the State's Motion for Summary Judgment on the Guardrail Issue Was Proper, Because the Decision Whether To Install a Guardrail Is a Discretionary Decision Immune from Suit under AS 09.50.250(1).**

Wells's appeal as to the State's failure to install a guardrail turns upon whether the installation of a guardrail is a discretionary act subject to immunity under AS 09.50.250. Alaska Statute 09.50.250(1) immunizes the State against tort suits "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state agency . . . ." The State is thus immune for its "policy-level (or 'discretionary') decisions about whether to undertake activities . . . ."[1] Applying de novo review,[2] we reiterate here that the decision of whether or not to install a guardrail is a discretionary act covered by AS 09.50.250.

Our holding in *Industrial Indemnity Co. v. State* decided exactly this issue.[3] In that case, the plaintiff sued the State for failing to install a protective guardrail at the site of the plaintiff's accident.[4] We held that the decision whether or not to install a guardrail was a policy decision, and that "an affirmative decision to go ahead with the installation had to be made at the discretionary level in order to advance the chain of events to the operational stage."[5] Thus, under this court's precedent, the State is immune from suit for claims based on its decision to install or not to install guardrails.[6] Accordingly, in this

1. *Brady v. State,* 965 P.2d 1, 16 (Alaska 1998).

2. *See id.* at 8 (summary judgment).

3. 669 P.2d 561 (Alaska 1983).

4. *Id.* at 562.

5. *Id.* at 563.

6. *See id.; see also Guerrero v. Alaska Hous. Fin. Corp.,* 6 P.3d 250, 261 (Alaska 2000) (recognizing that decision whether to install highway guardrails is planning decision for which state is immune). The same rule applies in the federal courts under the Federal Tort Claims Act. *Rich v. United States,* 119 F.3d 447, 450–52 (6th Cir. 1997) (decision to replace damaged guardrail with guardrail of similar design shielded by dis-

case the State is immune from liability for not installing a guardrail at the curve on DeArmoun Road.[7]

### B. The Trial Court Correctly Found that the State's Responsibility To Maintain DeArmoun Road Does Not Include Adhering to "Clear Zone" Standards that Were Not in Place When the Road Was Designed and Constructed.

We similarly affirm the trial court's denial of Wells's motion for summary judgment on the issue of clear zone requirements. While Wells correctly asserts that the State is responsible for the construction and maintenance of the state highway system,[8] as well as for preparing and adopting uniform standard plans and specifications for construction and maintenance that conform as closely as possible to those of the American Association of State Highway and Transportation Officials (AASHTO),[9] Wells errs in assuming that the clear zone requirements of the State's rules on construction apply to its duties to maintain DeArmoun Road.

Alaska law makes an important distinction between the construction and maintenance of highways. Construction is defined to include "construction, reconstruction, alteration, improvement, or major repair." Maintenance, by contrast, is defined as "the preservation of each type of highway, roadside structure and facility as nearly as possible in its original condition as constructed, or as subsequently improved, and the operation of highway facilities and services to provide satisfactory and safe highways." [10]

While AASHTO's "Roadside Design Guide" and the State's Preconstruction Manual interpreting, amending, and augmenting AASHTO policies both include clear zone requirements, AASHTO's and the State's construction and design policies do not apply to highway maintenance. Because the State merely maintained, as opposed to constructing or reconstructing DeArmoun Road, the State is not responsible for meeting the clear zone requirements applicable to a new road. Wells admits that when DeArmoun Road was originally designed, the concept of a "clear zone" was not part of road-

cretionary function immunity); *Rothrock v. United States*, 62 F.3d 196, 199–200 (7th Cir.1995) (failure to require reinstallation of guardrail shielded by discretionary function immunity); *ARA Leisure Servs. v. United States*, 831 F.2d 193, 195 (9th Cir.1987) (decision to construct road without guardrails shielded by discretionary function immunity); *Bowman v. United States*, 820 F.2d 1393, 1395 (4th Cir.1987) (decision not to install guardrails shielded by discretionary function immunity).

7. Wells also argues that the trial court erred in granting summary judgment to the State on the issue of negligent design of the road. The trial court held that "the State can not be liable for the design of DeArmoun as it did not design that Road. DeArmoun was designed and built by the federal government in the 1950's." While the State presented uncontradicted evidence that DeArmoun Road was constructed prior to Alaska statehood, Wells now argues that DeArmoun was designed by the territorial road commission and that the territorial road commission's liability for negligently designed roads was inherited by the State under article XV, section 2 of the Alaska Constitution. Article XV, section 2 provides:

Except as otherwise provided in this constitution, all rights, titles, actions, suits, contracts, and liabilities and all civil, criminal, or administrative proceedings shall continue unaffected by the change from territorial to state govern-

ment, and the State shall be the legal successor to the Territory in these matters.

Whether this provision would apply to inchoate design liabilities not accruing before statehood is an interesting question. But as it was not raised in the trial court it is waived. *See Hoffman Constr. Co. v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 355 (Alaska 2001) ("As a general rule, we will not consider arguments for the first time on appeal."). Although our precedent allows for consideration of arguments not raised explicitly below if the issue "is 1) not dependent on any new or controverted facts; 2) closely related to appellant's trial court arguments; and 3) could have been gleaned from the pleadings," Wells's constitutional argument does not fit within this exception. *Hoffman*, 32 P.3d at 355 (quoting *McConnell v. State*, 991 P.2d 178, 183 (Alaska 1999) (internal quotations and citations omitted)). *See also Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985). We have also held that waiver will not be found where an issue raises plain error. *Hoffman*, 32 P.3d at 355 n. 29. But the court's decision was not plain error, for whether article XV, section 2, should apply to inchoate liabilities is not clear.

8. AS 19.10.030.

9. AS 19.10.160.

10. AS 19.45.001(2), (10).

way design. The State's duty to maintain the road in its original condition, accordingly, did not require it to add a clear zone to a road that lacked one when it was designed and built.[11] Thus the trial court was correct to find that the State cannot be held negligent for failing to provide a clear zone on DeArmoun Road.

### C. The Trial Court Was Within Its Discretion in Allowing the State and Chugach To Amend Their Expert Witness List.

Aside from the trial court's rulings on the summary judgment motions, Wells also argues that he was unfairly prejudiced by the trial court's decision to permit the State and Chugach to add an expert witness after the deadline for naming experts had passed. The State and Chugach argue that Wells's expert, Dr. Harry Smith, did not state his belief that Wells's injuries had been caused by his striking the boulders until after the deadline for naming experts had passed, and that the State and Chugach would have been unable to adequately rebut Dr. Smith's testimony on that important issue unless they were permitted to add an expert witness.

Dr. Smith's report did not expressly say that Wells was injured by striking the boulders, though it could reasonably have been read to imply that conclusion. The State's and Chugach's claim of surprise was sufficiently plausible, however, so that we are unable to say that the court abused its discretion by allowing them to supplement their witness list by adding a witness to rebut Dr. Smith's claims. Further, any error in this respect would be harmless, for Wells was able to depose the new witness before trial and his biomechanical expert was able to respond on the theory of the new witness at the trial.

Because we uphold the trial court's rulings upon review, the State's cross-appeal is moot.

For the foregoing reasons the judgment is AFFIRMED.

---

11. Wells counters that the State has an unchallenged duty to provide safe highways. He specifically argues that AS 19.45.001(10), which defines "maintenance," states that "the State must preserve the highway (which by definition includes the right-of-way) 'to provide satisfactory and safe highways.'" However, Wells takes the statute's language out of context. The language that he quotes is applicable not to the preservation of highways, but to the "operation of highway facilities and services." *See* AS 19.45.001(10).

In addition the trial court did not prevent Wells from arguing that the State failed in its duty to safely maintain DeArmoun Road; the trial court specifically held that "[t]he State ... is not immune from negligence in maintaining DeArmoun Road." Indeed, the jury found that the State had been negligent, although it also found that the State's negligence was not a legal cause of Wells's injury.