739 F.Supp. 485 (1990)
Madhukanta P. SONI, a/k/a Madhuben Soni, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 89-52C(2).
United States District Court, E.D. Missouri, E.D.
June 26, 1990.
*486 Mary V. Taylor, St. Louis, Mo., Thomas C. O'Brien, O'Brien & Barbahen, Chicago, Ill., for plaintiff.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
FILIPPINE, Chief Judge.
This matter is before the Court on defendant's motion for summary judgment.
The plaintiff filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for personal injuries suffered as a result of a fall at the exterior steps leading to the Visitor's Center at the Jefferson National Expansion Memorial ("Gateway Arch") in St. Louis. She claims that defendants designed, erected and constructed a stair system for the use of the public with inadequate and unsafe railings[1], that the stairs were unsafe and of poor design, and that the defendants failed to erect signs warning the public of the unsafe condition of the stair system.
The government asserts that this Court lacks jurisdiction because of the "discretion function exception" to the FTCA. 28 U.S.C. § 2680(a).[2]
The FTCA authorizes suits against the United States for damages
for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
28 U.S.C. § 1346(b).
The FTCA includes several exceptions to the waiver of sovereign immunity. One such exception is known as the discretionary function exception. It provides that there shall be no liability for
[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
28 U.S.C. § 2680(a).
The discretionary function exception has been said to "mark the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. Varig Airlines, 467 U.S. 797, 808, 104 S.Ct. 2755, 2762, 81 L.Ed.2d 660 (1984).
In considering whether the discretionary function exception applies to a given case, the Court looks to the nature of the conduct in question, rather than the status of the actor. Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531. "In examining the nature of the challenged conduct, a court must first consider whether the action is a matter of choice for the acting employee ... Thus, the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee *487 to follow." Berkovitz, supra, 486 U.S. at 536, 108 S.Ct. at 1958. If the conduct is not the product of judgment or choice, then there is no discretion in the conduct for the discretionary function exception to protect.
Once a Court decides that the challenged conduct involves an element of judgment, then it must be determined whether that conduct is the kind that the discretionary function exception was designed to shield. In fashioning the exception, "Congress wished to prevent judicial `second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Varig Airlines, supra, 467 U.S. at 814, 104 S.Ct. at 2765.[3]
The defendant argues that the decision to place the handrail on an angle was made in order to preserve the aesthetic quality of the Arch design. That policy is consistent with the National Park Service's mandate to preserve the "fundamental purpose of the park by [conserving] the scenery and historical object ... by such means as will leave them unimpaired for the enjoyment of future generation." 16 U.S.C. § 1.
In the case of Bowman v. United States, 820 F.2d 1393 (4th Cir.1987), a motorist traveling on the Blue Ridge Parkway[4] was injured and his two sons were killed when their car struck a patch of ice and slid sideways off the edge of the road, and down an embankment. The court affirmed the lower court dismissal of a claim under the FTCA grounded on the failure of the United States to place a guardrail along an embankment of the Parkway, erect signs to warn travelers of the dangerous embankment, or to close the Parkway during inclement weather.
The finding was based on the fact that the alleged negligence fell within the discretionary function exception to the FTCA.[5] The court emphasized that the National Park Service officials have more than safety in mind in determining the design and use of man-made objects such as guardrails and signs along parkways. The decision made by such officials, the court said, requires a balance between "safety, aesthetics, environmental impact and available financial resources." Id. at 1395.
The court noted that there had been discussions about the installation of a guardrail at the point of the accident in question; however, the idea was rejected. "Whether that decision grew out of a lack of financial resources, a desire to preserve the natural beauty of the vista, a judgment that the hazard was insufficient to warrant a guardrail, or a combination of all three was not known." Id. What the court did know, however, was that the decision was the result of a policy judgment. Although a person may argue that another policy, which placed greater emphasis upon safety, may have been more desirable, it was Congress' intent to prevent such second-guessing of federal policy by the inclusion of the discretionary function exception. The court said that it was precisely this type of decision which Congress intended to shield from liability because "where there is room for policy judgment and decision, there is discretion." Id. (quoting Dalehite v. United States, 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953)).
*488 A policy decision was made concerning the steps and handrail at the Gateway Arch and that decision is protected by the discretionary function exception. In reaching that decision, the Court distinguishes this case from that of Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), where the Court found that the government can be held liable for the negligent operation of a lighthouse. The Court wrote: "The Coast Guard need not undertake the lighthouse service. But once it exercised its discretion to operate a light ... and engendered reliance on the guidance afforded by the light, it was obliged to use due care to make certain that the light was kept in working order and, if the light did become extinguished, then the Coast Guard was further obliged to use due care to discover this fact and to repair the light or give warning that it was not functioning." Id. at 69, 76 S.Ct. at 127.
Here, plaintiff alleges faulty design of the steps and handrail and negligent failure to warn of that condition. These matters, however, involve policy decisions covered by the discretionary function exception. Consequently, this case comes within Bowman, not Indian Towing Company, and the Court lacks jurisdiction.[6]
An appropriate order shall accompany this memorandum and order.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.

ORDER
IT IS HEREBY ORDERED that the complaint filed by Madhukanta P. Soni, a/k/a Madhuben Soni, is DISMISSED.
NOTES
[1] Mario Gomez, a Professor of Engineering at Washington University, submitted an affidavit in opposition to defendant's motion for summary judgment in which he opined that the handrails violate accepted safety standards in the following ways:

"1. Their installation at angles instead of in a position perpendicular to the stair edge cause the path of the pedestrian to be directed in such a way as to elongate the already awkwardly long stair tread and cause an unnatural gait.
2. Their installation at angles requires the pedestrian to reach for the rail on descent in a position which is lower and farther from the pedestrian's body than would be normally anticipated by a pedestrian.
3. The design of the rail itself ... is a violation of accepted standards for ease of grasping."
[2] The Court will grant summary judgment on this point; therefore, the government's argument that it is immune from suit because it contracted out the work in question need not be considered.
[3] Congress took "steps to protect the Government from liability that would seriously handicap efficient government operations." United States v. Muniz, 374 U.S. 150, 163, 83 S.Ct. 1850, 1858, 10 L.Ed.2d 805 (1963).
[4] A long roadway which connects the Shenandoah National Park in Virginia with the Great Smokey Mountains National Park in North Carolina.
[5] As authority, the court cited Dalehite, infra, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427. That case arose out of an explosion of a ship loaded with fertilizer in the harbor of Texas City, Texas, which destroyed much of the city and killed many people. The Supreme Court held that the actions of all the government employees involved in the program were protected by the discretionary function exception. These included setting of the specifications for producing the fertilizer and the fact that the United States retained the right to supervise, direct, control and approve the work done by the private contractors. That exception, the Court said, includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations.
[6] Plaintiff cites Caplan v. United States, 877 F.2d 1314 (6th Cir.1989) in support of its position that the government had a duty to warn her if the steps or handrail created a dangerous situation. Caplan is inapposite to the facts of this case.