**Cheryl L. DUFF, Appellant,**

v.

**UNITED STATES of America, acting By and Through the UNITED STATES AIR FORCE, Appellee.**

No. 92–2691.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1993.

Decided July 29, 1993.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Thomas A. Wentz, Minot, ND, argued (David J. Hogue, on the brief), for appellant.

Brett P. Scott, Washington, DC, argued (Stuart M. Gerson, Stephen D. Easton, J. Patrick Glynn and Brett P. Scott, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and FAGG, Circuit Judge.

LAY, Senior Circuit Judge.

Cheryl Duff sued the United States, claiming the government, as her landlord at the Minot Air Force Base in North Dakota, breached its duty to warn her of the dangers from the fumes caused by government contractors varnishing the floors in an adjacent apartment with an industrial polyurethane.[1] The district court[2] dismissed Duff's suit on the basis that it lacked subject matter jurisdiction over the action. 829 F.Supp. 299. The trial judge determined that the delegation of safety responsibilities to a government contractor fell within the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, and thus concluded that the United States maintained its sovereign immunity. We affirm.

■■ The FTCA waives the United States's sovereign immunity for negligent acts of its employees, 28 U.S.C. §§ 1346(b), 2671, but only for those functions that are not discretionary in nature, 28 U.S.C. § 2680(a). In Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), the Supreme Court laid out a test for determining when governmental acts are dis-

cretionary. It ruled the discretionary function exception applies when the government action in question involves "a matter of choice for the acting employee"[3] and the choice is "based on considerations of public policy." Id. at 536–37, 108 S.Ct. at 1959; see also United States v. Gaubert, 499 U.S. 315, ———— ———, 111 S.Ct. 1267, 1273–74, 113 L.Ed.2d 335 (1991) (same).

■■ Duff argues the government's failure to warn her of the nearby use of a noxious varnish is not "the kind [of judgment] that the discretionary function exception was designed to shield," Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1959, because such a decision does not implicate any social, economic or political considerations.[4] Thus, she likens the failure to warn to the Supreme Court's comment in Gaubert that "[a]lthough driving [a car] requires the constant exercise of discretion," the exception would not apply to a government official's negligent, on-the job traffic accident because "decisions in exercising that discretion can hardly be said to be grounded in regulatory policy." Gaubert, 499 U.S. at ——— n. 7, 111 S.Ct. at 1275 n. 7. We think Duff's argument misses the mark. The exercise of discretion here occurred when the government decided to delegate to its contractor responsibility for making safety judgements. As the government observes in its brief, the decision to delegate allowed the Air Force to "tak[e] advantage of a contractor's special expertise, thereby creating the opportunity for a safer, more efficient operation." This view is bolstered by our opinion in Layton v. United States, 984 F.2d 1496, 1501–02 (8th Cir.1993), in which we held that the decision to select a particular contractor falls within the exception. See also Madison v. United States, 679 F.2d 736, 739 (8th Cir.1982) (same).

---

1. Duff also sued the contractor, the Kato Corp., but reached an out-of-court settlement. The claims against Kato are not before us.

2. The Honorable Patrick A. Conmy, Chief Judge United States District Court for the District of North Dakota.

3. In this regard, the action must not contravene a "statute, regulation or policy specifically [mandating] a course of action" because the federal

employee "has no rightful option but to adhere to the directive." Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958–59.

4. At oral argument and in her reply brief, Duff concedes that the government's decision to direct the contractor to use Rexthane varnish is covered by the discretionary function exception. Because of Duff's concession, we do not address the issue.

■ Because the government's decision to delegate responsibility for safety is covered by the exception, we will find jurisdiction only if the government has also retained and exercised control over the project's safety. *McMichael v. United States,* 751 F.2d 303, 307 (8th Cir.1985); *see also Layton,* 984 F.2d at 1496.[5] Duff argues that as her landlord, the Air Force retained a duty to provide a safe living environment. She points to the government's continued responsibility for day-to-day management of residential maintenance on the base. These assertions are in direct conflict with the trial court's factual findings that the government retained "no day-to-day supervisory responsibility" over the contractor, Kato Corporation, and that the Air Force and Kato agreed the contractor should "take all reasonable steps and precautions to prevent accidents." These findings are not clearly erroneous. The government's relinquishment of control here stands in contrast to the high level of control the government retained in *McMichael,* where the government maintained a thorough program of on-site quality control. *See* 751 F.2d at 307. As we stated in *Layton,* 984 F.2d at 1502–03, a government agency's delegation of "primary responsibility for safety to its contractors" is protected by the discretionary function exception. *See also United States v. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 819–20, 104 S.Ct. 2755, 2767, 81 L.Ed.2d

660 (1984) (stating, in the context of regulatory delegation to airplane manufacturers, that "[w]hen an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind.").[6] We thus hold the district court correctly concluded that the Air Force retained insufficient control over safety operations to warrant reversal.

For the foregoing reasons, the judgment of the district court is affirmed.

---

5. This necessarily logically follows from application of 28 U.S.C. § 2671 which holds the government not liable for the negligence of an independent contractor.

6. Duff also urges that her claim is controlled by our observation in *McMichael v. United States* that some FTCA cases hold that when the government

  > hires an independent contractor to do extra-dangerous or ultrahazardous work [it] has a duty to exercise reasonable care to see that the contractor takes proper precautions to protect those who might sustain injury from the work. This liability may be imposed on the United States as an employer, and it is not vicarious or strict liability, but rather a function of the employer's own negligence.

  751 F.2d 303, 310 (8th Cir.1985) (citing cases from the Ninth and Fifth Circuits). The cases cited in *McMichael* look to state law to determine if a nondelegable duty exists. *See, e.g., Dickerson, Inc. v. United States,* 875 F.2d 1577, 1583–84 (11th Cir.1989). To the extent that state law

imposes strict liability on an employer, the United States cannot be liable because it has not waived sovereign immunity.for absolute liability. *Laird v. Nelms,* 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972). Duff urges, however, that we follow *McLean v. Kirby Co.,* 490 N.W.2d 229 (N.D.1992), in which the North Dakota Supreme Court adopted § 413 of the *Restatement (Second) of Torts. McLean* does not create strict liability; rather, it holds that an employer may be liable "for failure to act in a reasonable manner in providing for precautions to be taken in work that involves a peculiar unreasonable risk of physical harm to others." *Id.* at 235–36. *McLean* states that under this doctrine the principal "is not subject to liability if the employer ... 'provide[s] in the contract that the contractor take [special] precautions.'" *Id.* at 240–42. Since, as the district court found, the contract here placed responsibility for accident prevention on the contractor, the government has satisfied its burden under *McLean.*