29 F.Supp.2d 572 (1998)
Otilia R. GALLARDO and Ignacio Gallardo, Plaintiffs,
v.
UNITED STATES of America, Defendant.
No. 4:97CV1301-DJS.
United States District Court, E.D. Missouri, Eastern Division.
August 28, 1998.
*573 William T. Dowd, Dowd and Dowd, St. Louis, MO, for Plaintiffs.
Joseph B. Moore, Office of U.S. Attorney, St. Louis, MO, for U.S.

ORDER
STOHR, District Judge.
Plaintiffs Otilia and Ignacio Gallardo, husband and wife, are residents of Puerto Rico. On Saturday, November 12, 1994, the Gallardos visited the Museum of Westward Expansion in the Jefferson National Expansion Memorial, more familiarly known as the Gateway Arch, on the St. Louis riverfront. The Gallardos bring the instant action against the United States asserting tort liability for injuries suffered by Otilia in a slip and fall in the museum, for resulting medical expenses, and for Ignacio's loss of consortium. Because the Arch and its museum are maintained by the National Park Service, plaintiffs' claims are subject to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. Plaintiffs' principal allegation of negligence is that the entrance to the museum, where Otilia fell, was designed in such a manner as to be unreasonably dangerous. The matter is now before the Court on the government's motion for summary judgment.
Mrs. Gallardo's fall occurred on steps connecting two levels of the museum. The basic facts concerning the steps in question are undisputed. The steps, three in number, are curved along a wide arc, and are 15 inches deep with a 5-inch rise between them. There are no handrails associated with the steps. The steps are covered with light tan carpet, whereas the adjacent floor surfaces leading to and away from the steps are carpeted in dark brown. The steps are illuminated from above by 50-watt floodlights.
The government's motion invokes the discretionary function exception to liability under the FTCA. The government's waiver of sovereign immunity in tort pursuant to § 1346(b)(1) and § 2674 is subject to certain limitations. Among these is the discretionary function exception, set forth in § 2680(a), which retains the United States' sovereign immunity as to:
... [a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
The two-pronged test developed in Supreme Court decisions indicates that the exception applies to (1) acts involving an element of judgment or choice, and (2) which are based on considerations of social, economic or political public policy. See, e.g., United States v. Gaubert, 499 U.S. 315, 322-23, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).
The United States argues that the design of the steps on which Mrs. Gallardo fell, including elements such as their color, lighting and placement of handrails which are challenged by plaintiffs, constitute discretionary determinations based on policy considerations. The government's motion is supported by statements of the museum's designer, architect Aram Mardirosian, explaining the concept of the museum's design, including, by use of the split levels and open layout, the suggestion of various landscapes representing different periods of time, each with a view of others.
In Chantal v. United States, 104 F.3d 207 (8th Cir.1997), the Eighth Circuit affirmed summary judgment rendered in favor of the United States on an FTCA claim arising from a fall on the Arch's exterior steps. Those steps, adjacent to ramps leading into the visitor's center beneath the Arch, "decrease in depth until they blend into the downramp." Id. at 209. Chantal alleged, in essence, "that the Park Service should have placed less emphasis on aesthetics and given more consideration to visitors' safety by either altering the steps or marking them with visual warnings." Id. at 212. The Eighth Circuit held that the design of the steps, representing discretionary determinations *574 balancing aesthetic and safety considerations, was within the discretionary function exception. The court noted that: "It is well established that a decision which requires the weighing of competing interests is `susceptible to policy analysis' and typifies the kind of governmental decision which Congress intended to shield from judicial second guessing." Id., quoting Gaubert, 499 U.S. at 325, 111 S.Ct. 1267. In further support of its ruling, the Eighth Circuit cited "the previous ruling by Judge Filippine in an FTCA case, holding that aesthetically-premised decisions concerning the Memorial involve policy considerations protected by the discretionary function exception." Id. at 213, citing Soni v. United States, 739 F.Supp. 485 (E.D.Mo. 1990).
In the Court's view, the decisions in Chantal and Soni dictate summary judgment in the government's favor on the instant facts as well, unless plaintiffs succeed in distinguishing the cases. Plaintiffs first argue that architect Mardirosian was not an employee of the Park Service and so not an agent of the United States. Plaintiffs do not clearly enunciate the argument supported by that fact, which the Court presumes to be that the government may not rely on Mardirosian's policy-based determinations in order to invoke the discretionary function exception. In the absence of a statement of that principle, much less the citation of supporting authority, the Court finds it unpersuasive.
The government's decision to delegate responsibility to a contractor is itself potentially subject to the exception. See Duff v. United States, 999 F.2d 1280, 1281-82 (8th Cir.1993); Kirchmann v. United States, 8 F.3d 1273, 1277 (8th Cir.1993). Furthermore, pursuant to § 2671, the government is not liable for the negligence of an independent contractor. Duff, 999 F.2d at 1282, n. 5. These principles tend to defeat whatever argument plaintiffs intended to base on their assertion regarding Mardirosian's agency, and the Court is not persuaded that the adoption by the Park Service of Mardirosian's design and its objectives fail to qualify those objectives for consideration under the discretionary function exception.
Plaintiffs challenge the admissibility of the declaration of Bob Moore, the Park Historian, and the transcription of Moore's 1994 interview with Mardirosian. As required by Fed.R.Civ.P. 56(e), Moore's declaration appears to be "made on personal knowledge," to "set forth such facts as would be admissible in evidence," and to "show affirmatively that the affiant is competent to testify to the matters stated therein." Plaintiffs' challenge to it is without merit.
Submitted with Moore's declaration is a transcription of an interview of Mardirosian, conducted by Moore on October 24, 1994. The 33-page interview explores the history of the design and construction of the Museum of Westward Expansion, and provides support for the discretionary decision-making which produced the design of the steps at issue in this case. Plaintiffs challenge the interview as hearsay. The Court finds that the interview falls within the hearsay exception set forth in Fed.R.Evid. 803(8)(A), as a record of a public agency setting forth the activities of the office or agency. The interview was conducted by Moore in his official capacity as Park Historian, in order to record an oral history of the museum project. The Court notes that plaintiffs offer no particular basis for a finding that the interview presents unreliable statements concerning Mardirosian's design concepts and decisions. Furthermore, it appears that in Chantal, the Eighth Circuit deemed it permissible to rely on similar proof of architect Eero Saarinen's design determinations: "Sworn statements of the Memorial's engineer and park historian indicate Saarinen designed these step-like architectural features to aesthetically complement the angles of the Arch and the descending ramps." Chantal, 104 F.3d at 209. For all these reasons, the Court rejects plaintiffs' challenge to consideration of the interview.
Next plaintiffs complain of the government's failure to produce witnesses for deposition. Although implying at one point that Bob Moore had not been produced (see Pltfs. Response [Doc. # 25], p. 4), plaintiffs later indicate that he has been (id. at 8). The suggestion that the government is responsible for producing Mardirosian for deposition *575 is without support, given that plaintiffs assert that Mardirosian was not employed by the government in connection with the museum project, which dates to the mid-1970's, and cite no current relationship between Mardirosian and the government. Plaintiffs refer to the failure to produce Gerald T. McClarnon, identified as the contracting officer for 1988 modifications to the area where the fall occurred, and a Dickie Brown, who is not further identified in plaintiffs' memorandum. Plaintiffs' protestations on this point are insufficient to delay consideration of summary judgment, because they fail to meet the standards of Fed.R.Civ.P. 56(f), which requires an affidavit stating reasons that plaintiffs cannot present facts essential to their opposition. No affidavit is offered, and plaintiffs make no attempt to state with any specificity the information they propose to obtain from the deponents which might pertain to the discretionary function exception.
In passing, plaintiffs attempt to defeat the application of the exception by invoking the concept of binding regulation. "Where a statute, regulation, or policy prescribes a course of action to be followed by a government employee, the employee does not have discretion to violate the regulation; actions in contravention of the regulation are not protected by the discretionary function exception." Layton v. United States, 984 F.2d 1496, 1500 (8th Cir.1993), citing Berkovitz v. United States, 486 U.S. 531, 536-37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Here plaintiffs cite the general reference in 36 C.F.R. § 1.1(a) to "regulations ... for the ... protection of persons ... within areas under the jurisdiction of the National Park Service." This passage does not eliminate or restrict the Park Service's discretion as to particular decisions of any kind, and plaintiffs fail to identify any specific code or regulatory provision violated by those elements of the steps' design which are alleged to be negligent.
Finally, in what appears to be their attempt to distinguish Chantal and Soni, plaintiffs argue that the application of the discretionary function exception to the design of exterior steps does not support its application to the design of interior steps. Both Chantal and Soni involved falls on the steps at the base of the Arch's legs, on the exterior grounds of the memorial. Plaintiffs rely upon the language of 16 U.S.C. § 1, concerning the establishment of the National Park Service to:
promote and regulate the use of the Federal areas known as national parks, monuments, and reservations ... by such means and measures as conform to the fundamental purpose of the said parks, monuments, and reservations, which purpose is to conserve the scenery and the natural and historic objects and the wild life therein and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the enjoyment of future generations.
The plaintiffs' focus on the term "scenery" to support their proposed distinction is unpersuasive, particularly in view of the express reference in the statutory language to "monuments." Under the law of this Circuit and this Court, decisions of a certain type concerning the design of steps at a national monument built and maintained by the National Park Service have been found to qualify under the discretionary function exception. The Court perceives no rational basis in the language of § 1 to distinguish between such decisions as to steps inside the monument and steps on the monument's exterior.
Plaintiffs have failed to demonstrate any ground on which to escape application of the holdings in the analogous cases of Chantal and Soni. Based on those precedents, the Court concludes that the challenged design attributes of the steps upon which Mrs. Gallardo fell are within the discretionary function exception, as they were the product of judgment based on competing policy considerations of aesthetics and safety. By virtue of 28 U.S.C. § 2680(a), then, the United States retains its sovereign immunity to the tort claims asserted by plaintiffs in this case, and the government is entitled to judgment as a matter of law.
Accordingly,
*576 IT IS HEREBY ORDERED that the United States' motion for summary judgment [Doc. # 18] is granted.