

# SUPREME COURT OF MISSOURI
# en banc

THOMAS BINKLEY,                                        )
HARLENE J. BINKLEY,                                    )
ROLAND E. STURHAHN,                                    )
AND SUSAN J. STURHAHN,                                 )
                                                       )
    Appellants,                     )
                                                       )
v.                                                     )    No. SC94152
                                                       )
AMERICAN EQUITY MORTGAGE, INC.,                        )
                                                       )
    Respondent.                     )

### APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
The Honorable Tom DePriest, Jr., Judge

*Opinion issued November 12, 2014*

Thomas and Harlene Binkley and Roland and Susan Sturhahn (collectively "property owners") appeal from the trial court's judgment in favor of American Equity Mortgage, Inc. ("mortgage company") on their claims that, by preparing deeds of trust and promissory notes for the property owners, the mortgage company: (1) violated sections 484.010.2 and 484.020[1] by engaging in "law business"; (2) violated the Missouri Merchandising Practices Act (MMPA); and (3) was unjustly enriched. Because the

---

[1] All references are to RSMo 2000.

property owners did not dispute that the mortgage company did not charge a separate fee or vary its fees for these actions, there were no disputed material facts, entitling the mortgage company to summary judgment as a matter of law. The trial court's judgment is affirmed.[2]

## Factual Background

The property owners refinanced their residential mortgages through the mortgage company. In association with the Binkleys' loan, the mortgage company prepared a HUD-1 settlement statement,[3] which reflected an origination charge of $2,320.93. The charge included fees for Mortgage Electronic Registration Systems (MERS), loan origination, processing, underwriting, wire and administration. The HUD-1 did not reflect a charge for document preparation. In conjunction with the Sturhahns' loan, the mortgage company prepared a HUD-1 settlement statement, which included a loan origination fee of $2,238. The HUD-1 included a line labeled "Document preparation to," which was blank. In both transactions, the mortgage company prepared notes, deeds of trust and/or planned unit development (PUD) riders[4] that it generated from software licensed from a third-party vendor.

The property owners filed a class action petition against the mortgage company. In Count I, they alleged that the mortgage company violated sections 484.010.2 and

---

[2] This Court transferred this case after an opinion by the Missouri Court of Appeals, Eastern District. Portions of the court of appeals opinion are incorporated without further attribution.

[3] A HUD-1 settlement statement is a form developed by the United States Department of Housing and Urban Development that itemizes all the costs paid in association with obtaining a residential mortgage.

[4] A PUD rider is a mechanism through which the borrowers' obligations to a homeowners' association (HOA) become part of the mortgage loan documents.

484.020 when it "procured or assisted in the drawing for a valuable consideration of legal documents, including deeds of trusts, notes, and/or a PUD rider. . . ." In Count II, the property owners alleged that, by engaging in law business, the mortgage company committed an unlawful practice in violation of the MMPA. In Count III, the property owners contended that the mortgage company was unjustly enriched because it charged for services it did not perform or did not perform lawfully.

The mortgage company filed a motion for summary judgment and conceded, for the purposes of the motion only, that it procured legal documents within the meaning of section 484.010.2. It argued it was entitled to summary judgment, however, because it did not charge a separate, additional fee for document preparation. It also contended that because the MMPA and unjust enrichment claims were based on the same conduct underlying the property owners' sections 484.010.2 and 484.020 claim, those claims failed as a matter of law. The trial court granted the mortgage company judgment on all three counts. The property owners appeal.[5]

## Standard of Review

The review of an entry of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.*; Rule 74.04(c). A defending party may demonstrate entitlement to summary judgment by showing that the plaintiff cannot prove one or more elements of the claim.

---

[5] This Court has jurisdiction pursuant to Mo. Const. art. V, sec. 10.

3

*Humane Society of U.S. v. State*, 405 S.W.3d 532, 535 (Mo. banc 2013).  When reviewing a trial court's grant of summary judgment, the record is viewed in the light most favorable to the party against whom summary judgment was entered.  *ITT Comm.*, 854 S.W.2d at 376.

## Analysis

*Property Owners Are Not Entitled to Recover Under Sections 484.010.2 and 484.020*

The property owners sought relief under sections 484.010.2 and 484.020, arguing that the mortgage company improperly engaged in "law business."  Because the mortgage company admits that it procured legal documents,[6] the only issue is whether the property owners demonstrated, in their response to the summary judgment motion, that the mortgage company charged consideration for procuring the documents.

Missouri restricts the practice of law solely to licensed attorneys to "protect the public from being advised or represented in legal matters by incompetent or unreliable persons."  *Hargis v. JLB Corp.*, 357 S.W.3d 574, 577-78 (Mo. banc 2011).  This Court, as the "sole arbiter of what constitutes the practice of law," is the final authority on issues of who may practice law or engage in law business in this state.  *Naylor Senior Citizens Housing, LP v. Side Const. Co., Inc.*, 423 S.W.3d 238, 245 (Mo. banc 2014).  While there are statutes concerning the "practice of law" and "law business," such as sections 484.010 and 484.020, these statutes "are merely in aid of, and do not supersede or detract from, the power of the judiciary to define and control the practice of law."  *Eisel v.*

---

[6] Promissory notes and deeds of trust constitute legal documents for purposes of the unauthorized practice of law or engaging in "law business."  *See Eisel v. Midwest BankCentre*, 230 S.W.3d 335, 337, n.3 (Mo. banc 2007).

4

*Midwest BankCentre*, 230 S.W.3d 335, 338-39 (Mo. banc 2007). These statutes do, however, provide guidance for the courts in determining the scope of the practice of law. *Hargis*, 357 S.W.3d at 578.

In the present case, the property owners claim that the mortgage company violated sections 484.010.2 and 484.020 by engaging in "law business" even though the mortgage company did not charge a separate fee for these services. Section 484.010.2 defines "law business" in relevant part as ". . . the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights . . . ." This statute prohibits an entity and its non-lawyer agents, servants, employees and trust associates from: (1) "drawing, preparing, or assisting in the preparation of [legal documents]"; (2) *"for valuable consideration*, for Missouri residents without the direct supervision of an independent licensed attorney selected by and representing those individuals." *Eisel*, 230 S.W.3d at 339. Section 484.020 provides civil and criminal penalties for anyone engaged in "law business" as defined by section 484.010.2 without being licensed to practice law in Missouri.

The property owners rely on a passage from *Hargis* addressing a hypothetical situation: whether a mortgage company could "outsource" the drawing of legal documents to non-lawyer third parties and have these "non-lawyers draw legal documents for consideration and send them back without review by Missouri lawyers." 357 S.W.3d at 583-84. *Hargis* noted that, under such circumstances, the mortgage company "would fall within the definition of 'procuring' or 'assisting' in drawing legal documents." *Id.* at 584.

5

In *Hargis*, this Court held that the mortgage broker did not "procure" legal documents by gathering borrowers' financial documents and transferring them to third parties, who then used the documents to prepare notes and deeds of trust, when the broker did not charge a separate document preparation fee or include such a fee as part of an administrative or processing charge. *Id.* at 583. Because the first requirement of section 484.010.2 – the procuring of legal documents – was not met, and the claim was brought for engaging in "law business" in violation of that section, the Court did not consider whether suit could be brought under that statute for engaging in "law business" absent proof of consideration.[7]

Here, the mortgage company did not deny it procured legal documents. But it alleged in its motion for summary judgment that: (1) the HUD-1 settlement statements set forth every fee charged in connection with the residential mortgage loan transactions; (2) the HUD-1settlement statements included a "loan origination fee"; and (3) the loan origination fees "compensated [the mortgage company] for issuing the loan and did not compensate for the preparation of any legal documents." The property owners denied these allegations but did so without specific references to any discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial as required by Rule 74.04(c)(2). A response that fails to provide support for its denial is an

---

[7] Because the property owners claim that the mortgage company improperly engaged in "law business" under section 484.010.2, it is not necessary for this Court to address whether the mortgage company's actions constitute the unauthorized practice of law. Determining "[a] precise and comprehensive definition of the practice of law has proved elusive over the last two centuries." *Naylor Senior Citizens Housing, LP v. Side Const. Co., Inc.*, 423 S.W.3d 238, 245 (Mo. banc 2014).

admission of the truth of that fact. Rule 74.04(c)(2). As such, the property owners failed to demonstrate that they were charged a fee for the preparation of legal documents.

Further, the HUD-1 settlement statements attached to the property owners' petition reflect that the mortgage company did not charge a "document preparation" fee. The absence of any evidence in the record that the mortgage company charged a fee for the documents in question is fatal to the property owners' claim. *See Hargis*, 357 S.W.3d at 584 n.9 (summary judgment must be granted or denied based on the record before the Court, not based on speculation that evidence not in the record must exist). Because the property owners failed to demonstrate a genuine issue of material fact regarding whether the mortgage company charged a separate fee or varied its customary charges for preparing legal documents, the trial court did not err in granting the mortgage company judgment on the statutory prohibition against engaging in law business.

*The Property Owners' MMPA Claim Fails*

The property owners next claim the trial court erred in granting the mortgage company judgment on their MMPA claim.[8] More specifically, they contend that their MMPA claim was not derivative of the claim under sections 484.010.2 and 484.020

---

[8] The MMPA provides:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.

Section 407.020.1.

7

because they established that the mortgage company engaged in an unfair practice.[9] The mortgage company counters that judgment was proper because the MMPA claim is based on the claim under sections 484.010.2 and 484.020.

The MMPA requires plaintiffs to prove that they made a purchase or lease for personal, family, or household purposes and suffered an ascertainable loss of money or property as a result of an act declared unlawful under section 407.020. *See Ward v. W. Cnty. Motor Co., Inc.*, 403 S.W.3d 82, 84 (Mo. banc 2013). Here, the property owners alleged that they suffered an ascertainable loss "[a]s a direct result of [the mortgage company's] conduct … in the amount of at least the amount of improper fees or payments." As determined above, however, the property owners admitted that they were not charged a fee for preparation of legal documents. As such, they failed to demonstrate they suffered an ascertainable loss of money or property as a result of an unfair practice, and judgment in favor of the mortgage company was proper.

### *The Mortgage Company Was Not Unjustly Enriched*

In their last point, the property owners assert judgment was not warranted on their unjust enrichment claim because it was not derivative of their claim under sections 484.010.2 and 484.020.

An unjust enrichment claim requires a showing that: "(1) the plaintiff conferred a

---

[9] 15 CSR 60-8.020 provides:
    (1) An unfair practice is any practice which –
    (A) Either –
        1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or
        2. Is unethical, oppressive or unscrupulous; and
    (B) Presents a risk of, or causes, substantial injury to consumers.

benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Hargis*, 357 S.W.3d at 586. The property owners alleged that the mortgage company benefitted by charging for services it could not lawfully perform. This claim, therefore, depends on the property owners having directly paid a fee for the preparation of legal documents. As they presented no evidence countering the mortgage company's assertion that it did not charge for preparation of legal documents, there is no factual dispute regarding whether the property owners conferred a benefit to the mortgage company. The trial court did not err in granting judgment in favor of the mortgage company on the unjust enrichment claim.

## Conclusion

The trial court's judgment is affirmed.

_____
Mary R. Russell, Chief Justice

All concur.

9