# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1367

_____

Kevin L. Schriener

*Plaintiff - Appellant*

v.

Quicken Loans, Inc.

*Defendant - Appellee*

Wolters Kluwer Financial Services, Inc.

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 13, 2014
Filed: December 16, 2014

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Kevin Schriener appeals from the district court's[1] dismissal of his claims against Quicken Loans, Inc. and the denial of his motion to alter or amend the judgment. We affirm.

Schriener's complaint sets forth the following facts. In June 2011, Schriener obtained a residential mortgage from Quicken Loans that was secured by a deed of trust. Quicken Loans acquired the deed of trust that the parties used from Wolters Kluwer Financial Services, Inc. ("Wolters Kluwer") for a fee. Quicken Loans also assisted Wolters Kluwer in preparing the deed of trust by providing necessary information. The deed of trust, however, was not written or reviewed by an attorney licensed to practice law in Missouri. In connection with Schriener's residential mortgage, Quicken Loans charged him an "origination charge" of $575.00 and "adjusted origination charges" of $1,705.63. These charges are reflected on the parties' HUD-1 settlement statement ("HUD-1"),[2] which Schriener attached to his complaint. The HUD-1 does not list a fee for the preparation of the deed of trust.

Schriener filed a putative class action against Quicken Loans in Missouri state court, alleging that Quicken Loans improperly engaged in law business under Mo. Rev. Stat. § 484.020; violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.*; and was unjustly enriched. After Quicken Loans removed the matter to federal court, the district court dismissed Schriener's claims with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and denied Schriener's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). This appeal followed.

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

[2]A HUD-1 is "a form developed by the United States Department of Housing and Urban Development that itemizes all the costs paid in association with obtaining a residential mortgage." *Binkley v. Am. Equity Mortg., Inc.*, --- S.W.3d ---, 2014 WL 5857324, at *1 n.3 (Mo. Nov. 12, 2014).

We review *de novo* the district court's grant of Quicken Loans's motion to dismiss, accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of Schriener. *See Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). In addition to the allegations in the complaint, we may consider those materials that are necessarily embraced by the pleadings. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The parties agree that Missouri law applies.

We begin with Schriener's claim that Quicken Loans improperly engaged in law business under Mo. Rev. Stat. § 484.020 by procuring the deed of trust from Wolters Kluwer. Missouri law defines "law business," in relevant part, as "the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights." Mo. Rev. Stat. § 484.010.2. The valuable-consideration aspect of this claim is at issue here. Although Schriener alleged that Quicken Loans paid Wolters Kluwer for the deed of trust, Schriener conceded at oral argument that Quicken Loans did not charge him for the preparation of the deed of trust. Schriener's counsel was unequivocal on this point: "It's undisputed by us that no document preparation fee was charged."[3] This admitted absence of any charge to Schriener by Quicken Loans for the preparation of the deed of trust is dispositive under the Supreme Court of Missouri's recent decision in *Binkley v. American Equity Mortgage, Inc.*, --- S.W.3d ---, 2014

---

[3]We note that, in his complaint, Schriener did allege, upon information and belief, that Quicken Loans charged him a separate fee or increased its customary charges for the preparation of the deed of trust. However, during oral argument, Schriener's counsel expressly disavowed this allegation, stating "I've boiled it down, and [this allegation is] gone. I don't think I can show it." As a result, we need not consider the plausibility of this allegation. *See Duff v. United States*, 999 F.2d 1280, 1281 n.4 (8th Cir. 1993).

WL 5857324 (Mo. Nov. 12, 2014), which was decided after this case was submitted. In *Binkley*, the court considered a claim against a mortgage company for improperly engaging in law business due to its act of procuring legal documents, including a deed of trust, and concluded that such a claim requires proof that the mortgage company charged the plaintiffs for the preparation of these documents. *Id.* at *2-3. In light of the conceded absence of any charge to Schriener by Quicken Loans for preparing the deed of trust, under *Binkley*, Schriener has not alleged that Quicken Loans procured the deed of trust "for a valuable consideration." *See id.* at *3; Mo. Rev. Stat. § 484.010.2. Schriener admitted as much during oral argument, conceding that if the Supreme Court of Missouri rejected the *Binkley* plaintiffs' claim for improperly engaging in law business—where there was no evidence that the plaintiffs were charged for document preparation—then Schriener's analogous claim would fail. We agree and accordingly affirm the dismissal of Schriener's claim for improperly engaging in law business.

Schriener's concession that Quicken Loans did not charge him for the preparation of the deed of trust also undermines his MMPA claim. The MMPA provides a cause of action for any person who "made a purchase or lease for personal, family, or household purposes and suffered an ascertainable loss of money or property as a result of an act declared unlawful under [the MMPA]." *Binkley*, 2014 WL 5857324, at *4; *see* Mo. Rev. Stat. § 407.025. Schriener contends that he pleaded a violation of the MMPA based upon Quicken Loans's procurement of the deed of trust from Wolters Kluwer. However, it follows from the conceded absence of any charge to Schriener by Quicken Loans for preparing the deed of trust that Schriener failed to plead an ascertainable loss of money or property as a result of Quicken Loans's conduct, as required by the MMPA. *See Binkley*, 2014 WL 5857324, at *4 (reasoning that because the plaintiffs "were not charged a fee for preparation of legal documents . . . they failed to demonstrate they suffered an ascertainable loss of money or property as a result of an [act declared unlawful by the MMPA]"). We therefore affirm the dismissal of Schriener's MMPA claim.

Schriener's unjust-enrichment claim fails for much the same reason. For this claim, Schriener had to plead that (1) he conferred a benefit on Quicken Loans (2) Quicken Loans appreciated the benefit and (3) Quicken Loans "accepted and retained the benefit under inequitable and/or unjust circumstances." *See id.* (quoting *Hargis v. JBL Corp.*, 357 S.W.3d 574, 586 (Mo. 2011)). Schriener initially premised this claim upon Quicken Loans's procurement of the deed of trust from Wolters Kluwer, contending in briefing that unjust enrichment can be used to recover fees that Quicken Loans charged for improperly engaging in law business. But here again, Schriener's concession at oral argument that Quicken Loans did not charge him for the preparation of the deed of trust undercuts his claim. In the absence of such a charge, Schriener has not alleged that he conferred a benefit on Quicken Loans. *See id.* (concluding plaintiffs did not confer a benefit on mortgage company because their unjust-enrichment claim "depends on the [plaintiffs] having directly paid a fee for the preparation of the legal documents" that they did not pay). We thus affirm the dismissal of Schriener's unjust-enrichment claim.

Schriener also appeals the district court's denial of his motion to alter or amend the judgment. Schriener first contends that the court should have granted him post-dismissal leave to amend his complaint. The district court concluded that Schriener's delay in seeking leave to amend was unjustified and that, in any event, Schriener's proposed amendments to his complaint would be futile. We review the denial of a motion for leave to amend for abuse of discretion, *Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1045 (8th Cir. 2014), but we review *de novo* the underlying legal conclusion that an amendment to a complaint would be futile, *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 921 (8th Cir. 2013). In light of Schriener's concession that Quicken Loans did not charge him for preparing the deed of trust, for the reasons discussed above, we agree with the district court that Schriener's proposed amendments would be futile. Second, Schriener argues that the district court should have amended its judgment to make its dismissal of his claims to be without prejudice, thereby allowing him to file another complaint. We review the district court's

decision in this regard for abuse of discretion. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 653 (8th Cir. 1998). Because we agree with the district court that Schriener's proposed amendments to his complaint would be futile, we discern no abuse of discretion in the district court's failure to modify its dismissal to allow Schriener to file another complaint. *See id.*; *Wright v. Anthony*, 733 F.2d 575, 577 (8th Cir. 1984).

The judgment of the district court is affirmed.

_____